[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11871

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CARLOS A. URENA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:21-cr-00048-RH-MAF-1

_____

Before WILSON, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Carlos Urena appeals his two concurrent sentences of 87 months' imprisonment as substantively unreasonable, arguing that the district court abused its discretion by not properly considering all mitigating factors. After close review of the record, we affirm.

## I.

Urena was convicted on two counts: possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2) (Count 1), and possession of an unregistered short-barreled rifle, in violation of 26 U.S.C. §§ 5861(d) and 5871 (Count 2). Both convictions carried a statutory maximum term of 120 months' imprisonment. Urena pled guilty to both.

The probation office prepared a presentence investigation report (PSI). The PSI revealed that, despite Urena's status as a convicted felon who could not legally possess firearms, searches of his home, car, and business uncovered a total of sixteen firearms, ammunition, firearm components, manufacturing tools, and 5.27 grams of methamphetamine. Important for the present appeal, the PSI also tabulated Urena's criminal history, which consisted of numerous offenses committed as a juvenile and as an adult. The latter included a slew of convictions for driving under the influence, possession of a controlled substance and drug paraphernalia, and driving with a suspended license. Also significant, the PSI noted that Urena was on pretrial release for a charge of child abuse when

police arrested him for the illegal possession of ammunition by a felon. Urena was convicted of both charges, and while on probation for those crimes, he committed the present offense.

The PSI also mentioned other relevant factors, including that Urena had a positive relationship with his mother, sister; and two children; operated his own (now shuttered) automotive service business; and owned his home outright, although he lived with his mother to help care for his ailing grandfather. In addition, the PSI included details about Urena's history with substance abuse, including his first encounters with alcohol around age thirteen, daily use of marijuana (though he recently obtained a medical marijuana card), and daily use of methamphetamine.

Taking all of this into account, the PSI calculated a total offense level of 21 and a criminal history category of V, which resulted in an imprisonment guideline range of 70–87 months.

## II.

The district court imposed a sentence at the top of the guideline range: 87 months' imprisonment for each Count, running concurrently. In doing so, the district court noted its appreciation of Urena's family's showing of continued support. The district court also stated its belief that Urena was "a bright and able person," "ran his own business successfully," and "obviously has the ability to be successful in a legitimate economy." The district court further expressed its skepticism about the severity of some of Urena's driving convictions and noted that it had confidence that he would start abiding by the requirement to not possess firearms.

Nonetheless, the district court took particular issue with Urena's "terrible criminal history," noting his "consistent pattern . . . of disregarding the laws." The district court highlighted Urena's repeated disrespect of laws that require active licenses to operate vehicles, multiple instances of driving under the influence, child abuse, and battery. The district court also expressed its concern that Urena, as a convicted felon, continued to possess and build firearms despite understanding those activities' illegality. While the district court understood the desire to own a firearm for protection—especially given Urena's claim that he collected firearms after his mother's home was burglarized—it found Urena's sixteen firearms to be excessive.

The district court concluded by noting that it had taken into account all of the factors it was required to consider under 18 U.S.C. § 3553(a), and while it did not plan to talk through each factor on the record, it would "be happy to address any specific factor that either side" requested it to address.

### III.

We review the substantive reasonableness of a district court's sentencing decision for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). A district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612

F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted).

Yet, we do not reverse a district court simply because we might have weighed the § 3553(a) factors differently or levied a different sentence. *See Gall*, 552 U.S. at 51; *Irey*, 612 F.3d at 1189. Indeed, given a district court's greater familiarity with the facts of each case, we give its sentencing determinations due deference. *See United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018). Further, while a district court is required to consider each § 3553(a) factor, the applicable guideline range, and the unique facts of a case, it is "not required to explicitly address each of the § 3553(a) factors or all of the mitigating evidence." *United States v. Taylor*, 997 F.3d 1348, 1354 (11th Cir. 2021). Nor must a district court give all of the sentencing factors equal weight when it calculates a sentence. *Id.* "Rather, an acknowledgment that the district court has considered the defendant's arguments and the § 3553(a) factors will suffice." *Id.* at 1354–55 (cleaned up).

For these reasons, it is rare that we find a sentence to be substantively unreasonable. *United States v. Dixon*, 901 F.3d 1322, 1351 (11th Cir. 2018). And it is rarer still when a sentence is within the applicable guideline range and well below the statutory maximum penalty, both of which indicate—albeit not conclusively—reasonableness. *See United States v. Delva*, 922 F.3d 1228, 1257 (11th Cir. 2019).

Here, the district court did not abuse its discretion. Urena argues that the district court failed to give proper consideration to

the mitigating evidence that he presented.  However, as noted above, a district court is not required to explicitly address all of the mitigating evidence, *Taylor*, 997 F.3d at 1354, and here, the district court still made note of the evidence that it found salient, including Urena's supportive family, clear intelligence, successful business, and personal assurances that he would follow the law.  And while the district court did not individually discuss each § 3553(a) factor, it stated that it had considered all of the factors and provided the parties an opportunity to ask questions about any specific one.  On this record, we cannot conclude that the district court abused its discretion by failing to consider relevant factors that were due significant weight.  *See id.* at 1354–55 (noting that the record need only show that the district court considered a defendant's arguments and the § 3553(a) factors).

Nor can we conclude that the district court gave significant weight to improper or irrelevant factors, or that it committed a clear error of judgment when it considered the proper factors.  In addition to referencing the mitigating evidence mentioned above, the district court also highlighted the importance of using the sentencing guidelines as a tool to avoid unjust sentencing disparities.  Yet, the district court determined that this case warranted placing particular emphasis on Urena's criminal history, his evident disregard of the law, and the concerning nature of illegally owning and building sixteen firearms.  These considerations do not appear to be irrelevant or improper.  To the contrary, they seem quite appropriate.  Given the significant deference we give to the district court

in weighing the evidence and sentencing factors, *Shabazz*, 887 F.3d at 1224, we cannot conclude it abused its discretion on these grounds either.

## IV.

Congress and the United States Sentencing Commission developed statutes and guidelines to cabin a sentencing court's discretion, and, consequently, sentences well beneath those statutes and within those guidelines provide indicia of reasonableness. *Delva*, 922 F.3d at 1257. Here, the district court handed down a sentence that was thirty-three months less than the statutory maximum and within the sentencing guidelines, and it provided its reasons for doing so. While Urena argues that the district court did not give all of the sentencing factors their proper weight, it is not the role of this court to reweigh the mitigating evidence on our own scale, nor is it the role of this court to require a district court to recite every piece of mitigating evidence. Rather, our function is to ensure that the district court did not abuse its discretion by imposing a truly unreasonable sentence. On the record before us, we conclude that the indicia of reasonableness in this case are not misleading, and the district court did not abuse its discretion in imposing Urena's sentence.

**AFFIRMED.**